```
              UNITED STATES BANKRUPTCY COURT
             MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION
```

IN RE:                        )
                              )
Linda D. McCallum,            )    Case No. 11-10326C-13G
                              )
        Debtor.               )

## OPINION AND ORDER

This case came before the court on March 29, 2011, for hearing on a "Motion for Relief from the Automatic Stay of Section 362 to Proceed with Eviction" ("Motion") filed by Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2000-A, Asset-Backed Certificates, Series 2000 ("Wells Fargo"). Kimberly A. Sheek appeared on behalf of Wells Fargo, Mary K. Nicholson appeared on behalf of the Debtor and Anita Jo Kinlaw Troxler appeared as Chapter 13 Trustee. Having considered the Motion, the Debtor's response and the evidence and arguments offered at the hearing, the court makes the following findings of fact and conclusions of law pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

In her Schedule A, the Debtor lists real property located at 700 Arch Street, High Point, North Carolina (the "Property"), as property owned by the Debtor and William McCallum as tenants in common. This Property, however, was the subject of a foreclosure proceeding that was concluded prior to the commencement of this case. The foreclosure sale was held on February 2, 2011. Wells Fargo was the successful bidder at the sale. There were no upset

bids during the 10-day upset bid period and on February 16, 2011, a deed from the foreclosure trustee was recorded in the Guilford County Registry purportedly conveying the Property to Wells Fargo. This case was commenced approximately three weeks later on March 5, 2011. The Motion now before the court was filed on March 11, 2011. The Motion recounts the foreclosure and conveyance to Wells Fargo and requests that the court modify the automatic stay to permit Wells Fargo to proceed with eviction and obtain possession of the Property. On March 28, 2011, the Debtor filed a response to the Motion requesting that the Motion be denied and for other relief which will be discussed later in this opinion and order.

I. The Motion for Relief from the Automatic Stay

It is undisputed that the Debtor has filed five previous chapter 13 cases in this court, two of which were pending during the twelve months preceding the commencement of this case. Case No. 08-10210 was filed on February 12, 2008, and was dismissed on July 23, 2010. Case No. 10-11724 was filed on September 6, 2010, and was dismissed on November 12, 2010. The present case was filed on March 5, 2011, which means that the Debtor had two cases that were pending within the previous year and were dismissed. This means that section 362(c)(4) of the Bankruptcy Code is applicable in this case and that the automatic stay therefore did not go into effect when this case was commenced. Since the automatic stay never went into effect in this case, there is no automatic stay to

modify and no basis for granting the Motion and for that reason the Motion will be denied as moot.

II.  Relief Sought in Debtor's Response/Motion

In addition to objecting to relief from the automatic stay being granted, the Debtor moves in her response for an order extending or imposing a stay in this case and an order setting aside the deed from the foreclosure trustee to Wells Fargo. Combining the response and the two motions in a single document did not comply with Local Rule 9013-1(b). Multiple requests in a single document is allowed only if those requests are based on identical facts or arise out of the same transaction, which is not the case here. Apart from the non-compliance with Local Rule 9013-1, neither of these matters were properly before the court at the March 29, 2011 hearing because there was insufficient notice for a hearing on the motion to impose the stay and the motion for an order setting aside the deed is procedurally defective.

The response was filed at 6:19 p.m. on March 28, 2011. Under section 362(c)(4)(B), a stay may be imposed only upon notice and a hearing. Under the rule of construction contained in section 102(1), the notice required regarding a hearing pursuant to section 362(c)(4)(B) is "such notice as is appropriate in the particular circumstances." Given the unexplained delay in the filing of the request to impose the stay and the fact that the filing occurred on the eve of the hearing, it is clear that in the circumstances of

this case appropriate notice was not provided for hearing Debtor's motion on March 29. Such short notice did not provide Wells Fargo and other creditors with a reasonable opportunity to prepare for and meaningfully participate in a hearing regarding the relief sought in the Debtor's response. Accordingly, the court did not consider the merits of the motion to impose the automatic stay at the March 29 hearing.

As to Debtor's request for an order setting aside the deed from the foreclosure trustee, it is clear that such relief may not be sought by means of a motion. The relief sought by the Debtor regarding the foreclosure proceeding and deed to Wells Fargo involves equitable relief to determine the validity of an interest in real property. If such relief is sought in the bankruptcy court, Bankruptcy Rule 7001 requires that such relief be sought by means of an adversary proceeding. This requirement is not a mere formality and a failure to comply is a sufficient ground for denying relief. E.g., In re Conxus Communications, Inc., 262 B.R. 893, 899 (D. Del. 2001). Accordingly, the motion to set aside the deed shall be denied without prejudice to the Debtor seeking relief regarding the foreclosure proceeding and trustee's deed in a proper manner if she chooses to do so.

It is, therefore, ORDERED as follows:

(1) The motion for relief from the automatic stay filed by Wells Fargo is denied as moot;

(2) The motion contained in Debtor's response seeking to set

aside the foreclosure proceeding and trustee's deed to Wells Fargo is denied without prejudice; and

(3) A hearing on Debtor's motion to impose the automatic stay is hereby scheduled for April 12, 2011, at 2:00 p.m. in the United States Bankruptcy Court, Second Floor, Courtroom #1, 101 South Edgeworth Street, Greensboro, North Carolina.

This 1st day of April, 2011.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Mary K. Nicholson
1908 Madison Avenue
Greensboro, NC 27403

Linda D. McCallum
700 Arch Street
High Point, NC 27260-6904

Kimberly A. Sheek
Shapiro & Ingle, LLP
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216